FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG -3 AM 11: 29

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| THE CLARK CONSTRUCTION GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EAGLE AMALGAMATED SERVICE, INC.; ) <br> CAPITOL INDEMNITY CORPORATION; ) <br> INVESTORS INSURANCE COMPANY OF ) <br> AMERICA; FIRST SPECIALTY INSURANCE; ) <br> LEXINGTON INSURANCE COMPANY; and ) <br> RLI INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> ) | No. 01-2478 DV |

## ORDER GRANTING DEFENDANT INVESTORS INSURANCE COMPANY OF AMERICA'S MOTION TO CLARIFY, AMEND, OR RECONSIDER THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on the motion of Defendant Investors Insurance Company of America's ("Investors" or "Defendant") motion (dkt. # 234) to clarify, amend, or reconsider the Court's April 26, 2005 Order ("April 26, 2005 Order") Granting Plaintiff Clark Construction Group, Incorporated's ("Plaintiff") motion for partial summary judgment as to Investors' duty to defend. For the reasons stated herein, Defendant's motion is **GRANTED**.

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

1) An intervening change of controlling law;

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

    2) Evidence not previously available has become available; or

    3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e); Helton v. ACS Group and J&S Cafeterias of Pigeon Forge, Inc., 964 F.Supp. 1175 (E.D. Tenn. 1997). Rule 59 is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." Id. at 1182. Thus, there are limited circumstances in which a court may grant a motion to alter or amend a judgment.

Defendant asserts that in order to correct a clear error of law, the Court should amend its April 26, 2005 Order. Defendant maintains that although Plaintiff had the right to pursue settlement negotiations with Engineered Demolition, Inc. ("Engineered") and its insurer, First Specialty, pursuant to Plaintiff's policy with Defendant, Plaintiff did not have a right to finalize the settlement without notifying Defendant of its intention to do so. Plaintiff argues that Defendant breached its duty to defend and was thus precluded from raising a defense based on the cooperation clause of the policy.

In the April 26, 2005 Order, the Court held that "to preclude Plaintiff from reaching a settlement with one insurer because it would violate the cooperation clause of the policy with another insurer who is denying any responsibility would place an onerous burden on Plaintiff." However, Defendant contends that it is not suggesting that settlement negotiations should not have taken place or that Plaintiff was prohibited from settling with First Specialty. Because First Specialty is the insurer for the tortfeasor, Defendant argues that Plaintiff should not have released First Specialty without first giving the Defendant notice of its intention to do so. Defendant

2

asserts that making a settlement agreement with First Specialty and releasing it without first providing notice to Defendant violates the terms of the policy. In addition to the cooperation clause, the policy specifies that if Plaintiff is entitled to recover payments made by Investors, those rights are transferred to Defendant. Under the policy, Plaintiff has an obligation to do nothing that impairs Defendant in its effort to collect those recoverable payments.

Plaintiff argues that Defendant cannot rely on the cooperation clause of the policy because it breached by refusing to defend Plaintiff in the pending lawsuit with the City of Memphis. Furthermore, Plaintiff contends that Defendant was given the opportunity to participate in the settlement negotiations and chose not to participate. This is a fact that is emphatically disputed by Defendant, who asserts that its representatives attended negotiations until they were sent away.

The Court finds that there are a number of questions of material fact that must be answered. For example, it must be determined whether Defendant was given the opportunity to participate in the negotiations between Plaintiff and First Specialty and whether Defendant was prejudiced by the settlement that resulted from those negotiations. Moreover, it must be determined whether Plaintiff adequately demanded that Investors defend it in the lawsuit with the City of Memphis and whether or not Defendant wrongfully refused that demand and, thus, breached its duties under the policy. Because these are questions for the factfinder, the Court holds that in order to correct a clear error of law and to prevent manifest injustice, the Court must now reconsider its April 26, 2005 Order.

3

Accordingly, the Court **GRANTS** Defendant's motion for reconsideration and denies Plaintiff's motion for partial summary judgment as to Defendant Investor's duty to defend Plaintiff against the City's counterclaim.

**IT IS SO ORDERED** this 2nd day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 257 in case 2:01-CV-02478 was distributed by fax, mail, or direct printing on August 4, 2005 to the parties listed.

---

W. Bruce Baird
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

Michael Evan Jaffe
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

James H. Stock
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Barry L. Howard
RUTH HOWARD TATE & SOWELL
150 Second Avenue, N.
Ste. 201
Nashville, TN 37219--178

Steven M. Crawford
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

Melissa Callahan Lesmes
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

Charles J. Gearhiser
GEARHISER PETERS LOCKABY & TALLANT PLLC
320 McCallie Avenue
Chattanooga, TN 37402

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

J. Gregory Grisham
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Kenneth O. Cooper
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Timothy F. Brown
ARENT FOX KINTNER PLOTKIN & KAHN
1050 Connecticut Ave., N.W.
Washington, DC 20036--533

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Sam D. Elliott
GEARHISER PETERS LOCKABY & TALLANT PLLC
320 McCallie Avenue
Chattanooga, TN 37402

William L. Bomar
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Ann E. Georgehead
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

David T. Dekker
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Randall P. Mueller
CAREY OMALLEY WHITAKER & MANSON PA
712 Oregon Avenue
Tampa, FL 33606

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Robert Y. Gwin
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

Timothy R. Johnson
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Warren D. McWhirter
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Honorable Bernice Donald
US DISTRICT COURT