FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 AUG 12   AM 10: 01
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| THE CLARK CONSTRUCTION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01-2478 DV |
| ) | |
| EAGLE AMALGAMATED SERVICE, INC.; ) | |
| CAPITOL INDEMNITY CORPORATION; ) | |
| INVESTORS INSURANCE COMPANY OF ) | |
| AMERICA; FIRST SPECIALTY INSURANCE; ) | |
| LEXINGTON INSURANCE COMPANY; and ) | |
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

## ORDER DENYING DEFENDANT INVESTORS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on the motion of Defendant Investors Insurance Company

("Defendant" or "Investors") for summary judgment as to Investors' duty to indemnify Plaintiff

Clark Construction Group, LLC, successor in interest to Clark Construction Group, Inc. ("Plaintiff").

For the reasons stated herein, Defendant's motion is **DENIED**.

## I.   FACTUAL BACKGROUND

In February, 1999, Plaintiff entered into a written contract with the City of Memphis ("City")

and the Memphis Cook Convention Commission (collectively "the owners") for the renovation,

expansion, and construction of the Memphis Cook Convention Center in Memphis, Tennessee (the

"project"). The project included demolition of the Concourse Hall, a structure attached to the

existing convention center.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8-16-05_

258

On or about February 16, 1999, Plaintiff and Eagle Amalgamated Service, Incorporated ("Eagle"), entered into a written subcontract ("subcontract"). Under the terms of the subcontract, Eagle agreed to undertake demolition of the Concourse Hall, as well as other selective demolition and asbestos abatement work at the project site. Eagle was required to purchase insurance and to defend and indemnify Plaintiff against all claims, expenses, damages, and losses arising out of or in connection with the work of Eagle or any of its subcontractors. Eagle purchased a comprehensive general liability ("CGL") policy from Defendant and an excess policy from RLI Insurance Company ("RLI"). The Investors policy provided primary insurance up to a limit of $1 million per occurrence. The RLI policy provided excess coverage of up to $9 million if the Investors policy is exhausted.

Eagle retained Engineered Demolition, Inc. ("Engineered") to assist with demolition of the Concourse Hall. Engineered was also required to purchase insurance, with Plaintiff as an additional insured on all policies. Engineered purchased the required coverage from Lexington Insurance Company ("Lexington") for primary coverage, and First Specialty Insurance ("First Specialty") for excess coverage. With its agents and subcontractors, Eagle performed all of the preparatory work associated with the implosion of the Concourse Hall.

On October 10, 1999, Eagle and Engineered performed the scheduled implosion of the Concourse Hall. This action damaged the adjacent Convention Center. Engineered employees subsequently left the project site without participating in the complex clean-up efforts necessitated by the unexpected results of their demolition work. Several months later, Eagle also abandoned the project prior to fulfilling the terms of the subcontract.

On October 11, 1999, the owners informed Plaintiff that they would hold Plaintiff responsible for all costs associated with repairing the damage resulting from the October 10th implosion. On

2

October 12, 1999, Plaintiff notified Eagle, Lexington, First Specialty, Investors, and RLI of the owners' claims and demanded that Eagle and each of the insurers indemnify Plaintiff for its damages and losses arising from the accident. Plaintiff filed an action against the owners, claiming that design problems caused delays and increased costs. The owners filed a counterclaim against Plaintiff, alleging that the accident delayed the project by at least 170 days, increasing the costs of the project, and resulting in over $1 million in property damages and extensive clean up costs. Those claims are being litigated in a separate case in this district. (Clark Construction Group, Inc. v. City of Memphis, case number 04-2780).

On June 20, 2001, Plaintiff filed the instant complaint alleging claims against Eagle and the insurers, including Investors. On May 9, 2005, Defendant filed a motion for summary judgment, as to its duty to indemnify Plaintiff.

## II.     LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence

3

negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the

4

material facts." <u>Matsushita</u>, 475 U.S. at 586.

### III.   ANALYSIS

Defendant moves for summary judgment as to its duty to indemnify Plaintiff. Defendant argues that 1) the City's counterclaim does not allege claims that trigger Defendant's duty to indemnify Plaintiff because the liquidated damages are based on breach of contract, not property damage and, thus, are not covered under the policy, 2) Plaintiff's settlement with Engineered's insurers without the consent of Investors releases Defendant from its obligations under the policy, and 3) Plaintiff has been fully compensated for all losses.

### A. <u>Policy Coverage</u>

Defendant first contends that the allegations of the City do not trigger Investors' duty to indemnify Plaintiff. Defendant asserts that the City alleges breach of contract and material misrepresentation, neither of which are covered under the policy. Defendant further maintains that the City is not seeking to recover any implosion-related property damage from Plaintiff and that Plaintiff has acknowledged that it has been fully compensated for any property damage associated with the implosion.

Plaintiff argues that the liquidated damages sought by the City are a measure of the actual damages associated with the property damage created by the implosion, which is covered under the policy. Moreover, Plaintiff insists that the delay costs are a result of the property damage caused by the implosion, not breach of contract.

While the policy specifies that it covers property damage caused by an "occurrence," Defendant contends that the City's claims against Plaintiff are based on Plaintiff's breach of contract and not on the property damage that resulted from the implosion. Defendant notes that the policy

5

covers tort liability but not breach of contract.

The policy states that Investors agrees to pay damages that are "because of" property damage. As previously noted, Plaintiff asserts that the liquidated damages sought by the City are a measure of the actual damages caused by the delay that resulted from the implosion, not a penalty for breach of contract. Thus, the damages would be "because of" the property damage and would be covered under the policy.

Defendant contends that public policy should prohibit a finding that the policy covers the liquidated damages being sought here. However, "[t]he overriding public policy applicable in this case is that ambiguities in insurance policies are to be construed against the drafter of the policy." St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994). Investors created a policy that included coverage for damages that are "because of" property damages, and did not specifically exclude the damages being sought in this case. Defendant had every opportunity to exclude any type of conduct it wished to exclude from coverage under the policy. See id. Defendant's assertion now that liquidated damages are not covered under the policy, even though they are a direct result of property damage that was clearly covered under the policy, is without merit because there is no exclusionary clause in the policy for liquidated damages like the ones being sought here. See id. Thus, the City's claims against Clark may trigger coverage under the policy.

B. Settlement

Defendant contends that when Plaintiff reached a settlement agreement with First Specialty, it breached its obligations under the cooperation clause of the policy. Plaintiff argues that Defendant waived its right to assert a breach of the cooperation clause when it breached its duty to defend. In its August 3, 2005 Order Granting Defendant Investors Insurance Company of America's Motion

6

to Clarify, Amend, or Reconsider ("August 3, 2005 Order"), the Court held that there are a number of questions of material fact that must be answered before it can be determined whether the cooperation clause was breached or the effect that has on the obligations of the parties. Therefore, the cooperation clause of the policy cannot be the basis for granting summary judgment on the issue of Defendant's duty to indemnify Plaintiff.

C. Outstanding Damages

Defendant next argues that Plaintiff has already received a sufficient amount from the settlements that have been reached to reimburse it for all costs covered under the policy. Plaintiff states that there are additional costs in delay damages that are the result of the implosion that the City is alleging. The Court has already determined that the City's claims for liquidated damages may trigger coverage under the policy.

Accordingly, as genuine questions of material fact remain, summary judgment would not be appropriate.

IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment as to Investor's duty to indemnify Plaintiff against the City is **DENIED**.

**IT IS SO ORDERED** this 12th day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

7

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 258 in case 2:01-CV-02478 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

Sam D. Elliott
GEARHISER PETERS LOCKABY & TALLANT PLLC
320 McCallie Avenue
Chattanooga, TN 37402

William L. Bomar
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

W. Bruce Baird
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

Steven M. Crawford
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

Randall P. Mueller
CAREY OMALLEY WHITAKER & MANSON PA
712 Oregon Avenue
Tampa, FL 33606

James H. Stock
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Barry L. Howard
RUTH HOWARD TATE & SOWELL
150 Second Avenue, N.
Ste. 201
Nashville, TN 37219--178

Robert Y. Gwin
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

J. Gregory Grisham
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Ann E. Georgehead
FROST BROWN TODD LLC
400 W. Market St.
32nd Floor
Louisville, KY 40202--336

David T. Dekker
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

Timothy R. Johnson
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Warren D. McWhirter
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Charles J. Gearhiser
GEARHISER PETERS LOCKABY & TALLANT PLLC
320 McCallie Avenue
Chattanooga, TN 37402

Timothy F. Brown
ARENT FOX KINTNER PLOTKIN & KAHN
1050 Connecticut Ave., N.W.
Washington, DC 20036--533

Kenneth O. Cooper
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Michael Evan Jaffe
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Melissa Callahan Lesmes
THELEN REID & PRIEST LLP
701 Eight St., N.W.
Washington, DC 20001--372

Honorable Bernice Donald
US DISTRICT COURT